**F I L E D**
CLERK, U.S. DISTRICT COURT

05/21/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ AH _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2026 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> EDWARD SOLORZANO, <br> aka "El Chapito," <br><br> Defendant. | CR 2:26-cr-00324-JAK <br><br> I N D I C T M E N T <br><br> [18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 18 U.S.C. § 933(a)(1): Trafficking in Firearms; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 18 U.S.C. § 922(o): Transfer and Possession of a Machinegun; 18 U.S.C. §§ 924, 934, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 922(a)(1)(A)]

Beginning on or about November 21, 2025, and continuing to at least on or about February 11, 2026, in Los Angeles County, within the Central District of California, defendant EDWARD SOLORZANO, also known as "El Chapito," not being licensed as an importer, manufacturer, or dealer of firearms pursuant to Chapter 44 of Title

18, United States Code, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms, on or about the following dates:

| DATE | FIREARM(S) |
|---|---|
| November 21, 2025 | A Glock, model 19, 9mm caliber semi-automatic pistol, bearing serial number BMSS379<br><br>A Sig Sauer, model P365, 9mm caliber semi-automatic pistol, bearing serial number 66A766148<br><br>A Sig Sauer, model P229, .40 caliber semi-automatic pistol, bearing serial number AB17115<br><br>A Glock, model 21, .45 caliber semi-automatic pistol, bearing serial number LMS260 |
| December 16, 2025 | A Radical Firearms, model RF-15, 5.56mm caliber AR-style semi-automatic rifle, bearing serial number 21-074617<br><br>A privately made firearm, AR-style semi-automatic rifle, bearing no markings or serial number (commonly referred to as a "ghost gun")<br><br>A privately made firearm, AR-style semi-automatic ghost gun rifle, marked "EP Industries"<br><br>A privately made firearm, AR-style semi-automatic ghost gun pistol<br><br>A Springfield Armory, model 1911A1, .45 caliber semi-automatic pistol, bearing serial number NM530137<br><br>Two machinegun conversion devices (commonly referred to as a "glock switch" or "auto sear") |

| DATE | FIREARM(S) |
|---|---|
| February 11, 2026 | An I.O. Inc., model Sporter, 7.62x39mm caliber semi-automatic rifle, bearing serial number S023001<br><br>A Sears, model 273.532140, .30-30 caliber lever-action rifle, bearing serial number V117901<br><br>A Western Field, model 740, .30-30 caliber lever-action rifle, bearing serial number 69124192<br><br>A Bonifacio Echeverria, model Izarra, 7.65mm caliber semi-automatic pistol, bearing serial number 5005<br><br>A Glock, model 26, 9mm caliber semi-automatic pistol, bearing serial number BMTP063<br><br>One machinegun conversion device (commonly referred to as a "glock switch" or "auto sear") |

COUNT TWO

[18 U.S.C. § 933(a)(1)]

On or about February 11, 2026, in Los Angeles County, within the Central District of California, defendant EDWARD SOLORZANO, also known as "El Chapito," knowingly shipped, transported, transferred, caused to be transported, and otherwise disposed of the following firearms to another person, each in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of the firearms by the recipient would constitute a felony, namely, a violation of 22 U.S.C. §§ 2778(a), (b)(1), (b)(2) and 22 C.F.R. § 121.1 and 50 U.S.C. § 4819:

1.    An I.O. Inc., model Sporter, 7.62x39mm caliber semi-automatic rifle, bearing serial number S023001;

2.    A Sears, model 273.532140, .30-30 caliber lever-action rifle, bearing serial number V117901;

3.    A Western Field, model 740, .30-30 caliber lever-action rifle, bearing serial number 69124192;

4.    A Bonifacio Echeverria, model Izarra, 7.65mm caliber semi-automatic pistol, bearing serial number 5005;

5.    A Glock, model 26, 9mm caliber semi-automatic pistol, bearing serial number BMTP063.

4

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about November 21, 2025, in Los Angeles County, within the Central District of California, defendant EDWARD SOLORZANO, also known as "El Chapito," knowingly possessed the following firearms and ammunition, each in and affecting interstate and foreign commerce:

1.   a Glock, model 19, 9mm caliber semi-automatic pistol, bearing serial number BMSS379;

2.   a Sig Sauer, model P365, 9mm caliber semi-automatic pistol, bearing serial number 66A766148;

3.   a Sig Sauer, model P229, .40 caliber semi-automatic pistol, bearing serial number AB17115;

4.   a Glock, model 21, .45 caliber semi-automatic pistol, bearing serial number LMS260;

5.   31 rounds of CCI/Speer .45 Auto caliber ammunition;

6.   40 rounds of .40 S&W caliber ammunition;

7.   136 rounds of CCI/Speer 9mm Luger caliber ammunition.

Defendant SOLORZANO possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.   Second Degree Robbery, in violation of California Penal Code Section 211, in the Superior Court for the State of California, County of Los Angeles, Case Number BA393978, on or about February 11, 2012;

2.   Second Degree Robbery, in violation of California Penal Code Section 211, in the Superior Court for the State of California, County of Los Angeles, Case Number BA401895, on or about August 25,

5

2012;

    3.    Possession of a Firearm by a Felon, in violation of California Penal Code Section 29800(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number BA475762, on or about March 9, 2019.

COUNT FOUR

[18 U.S.C. § 922(g)(1)]

On or about December 16, 2025, in Los Angeles County, within the Central District of California, defendant EDWARD SOLORZANO, also known as "El Chapito," knowingly possessed the following firearms and ammunition, each in and affecting interstate and foreign commerce:

1.    A Radical Firearms, model RF-15, 5.56mm caliber AR-style semi-automatic rifle, bearing serial number 21-07461;

2.    A Springfield Armory, model 1911A1, .45 caliber semi-automatic pistol, bearing serial number NM530137;

3.    Seven rounds of Fiocchi .45 ACP caliber ammunition;

4.    100 rounds of Lake City Army 5.56mm caliber ammunition.

Defendant SOLORZANO possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Second Degree Robbery, in violation of California Penal Code Section 211, in the Superior Court for the State of California, County of Los Angeles, Case Number BA393978, on or about February 11, 2012;

2.    Second Degree Robbery, in violation of California Penal Code Section 211, in the Superior Court for the State of California, County of Los Angeles, Case Number BA401895, on or about August 25, 2012;

3.    Possession of a Firearm by a Felon, in violation of California Penal Code Section 29800(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number BA475762, on or about March 9, 2019.

COUNT FIVE

[18 U.S.C. § 922(g)(1)]

On or about February 11, 2026, in Los Angeles County, within the Central District of California, defendant EDWARD SOLORZANO, also known as "El Chapito," knowingly possessed the following firearms and ammunition, each in and affecting interstate and foreign commerce:

1.   An I.O. Inc., model Sporter, 7.62x39mm caliber semi-automatic rifle, bearing serial number S023001;

2.   A Sears, model 273.532140, .30-30 caliber lever-action rifle, bearing serial number V117901;

3.   A Western Field, model 740, .30-30 caliber lever-action rifle, bearing serial number 69124192;

4.   A Bonifacio Echeverria, model Izarra, 7.65mm caliber semi-automatic pistol, bearing serial number 5005;

5.   A Glock, model 26, 9mm caliber semi-automatic pistol, bearing serial number BMTP063;

6.   Six rounds of Remington .32 Auto caliber ammunition;

7.   23 rounds of Fiocchi 9mm Luger caliber ammunition with headstamp "PERFECTA";

8.   Four rounds of CCI/Speer 9mm Luger caliber ammunition with headstamp "SPEER";

9.   Six rounds of Federal .30-30 caliber ammunition;

10.  Two rounds of Remington .30-30 caliber ammunition;

11.  Two rounds of Winchester .30-30 caliber ammunition.

Defendant SOLORZANO possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

8

1. Second Degree Robbery, in violation of California Penal Code Section 211, in the Superior Court for the State of California, County of Los Angeles, Case Number BA393978, on or about February 11, 2012;

2. Second Degree Robbery, in violation of California Penal Code Section 211, in the Superior Court for the State of California, County of Los Angeles, Case Number BA401895, on or about August 25, 2012;

3. Possession of a Firearm by a Felon, in violation of California Penal Code Section 29800(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number BA475762, on or about March 9, 2019.

COUNTS SIX AND SEVEN

[18 U.S.C. § 922(o)]

On or about the dates set forth below, in Los Angeles County, within the Central District of California, defendant EDWARD SOLORZANO, also known as "El Chapito," knowingly transferred and possessed machineguns, as defined in Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Section 5845(b), each of which defendant SOLORZANO knew to be a machinegun, and were designed and intended, solely and exclusively, for use in converting a weapon into a machinegun:

| COUNT | DATE | FIREARMS |
|-------|------|----------|
| COUNT SIX | December 16, 2025 | Two machinegun conversion devices (also known as "auto sears" or "Glock switches") |
| COUNT SEVEN | February 11, 2026 | One machinegun conversion device (also known as an "auto sear" or "Glock switch") |

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of any of the offenses set forth in Counts One, Three, Four, Five, Six, or Seven of this Indictment.

2.    Defendant if so convicted shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

11

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 934 and 924]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 934(a)(1) and 924(d), in the event of defendant's conviction of the offense set forth in Count Two of this Indictment.

2.   Defendant if so convicted shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation;

(b)   All right, title, and interest in any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation;

(c)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has

12

been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL


/S/
Foreperson

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

JENNIFER L. WAIER
Chief Assistant United States
Attorney & Chief, Criminal
Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

KYLE W. KAHAN
Assistant United States Attorney
Deputy Chief, General Crimes
Section

ERIC L. MACKIE
Assistant United States Attorney
Major Crimes Section